# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

HAL BERNARD BLACK,

        Petitioner,

    v.

F. MARTINEZ, Warden,

        Respondent.

Case No. CV 19-1962-FMO (JPR)

ORDER DENYING PETITION AND DISMISSING ACTION

On March 15, 2019, Petitioner, who is housed at the U.S. Penitentiary at Lompoc, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody, under 28 U.S.C. § 2241. He was convicted by guilty plea in the Northern District of Florida of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1). See United States v. Black, No. 1:15-cr-00009-MW-GRJ-1 (N.D. Fla. filed May 26, 2015) (ECF 129, 155); (see also Pet. at 2). He did not appeal.

Generally, after a conviction and sentence are final, the only mechanism for a federal prisoner to seek relief from judgment is through 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Prisoners may file only one

§ 2255 motion, and only within certain strict time limits. See § 2255(f), (h). Under the "savings clause" of § 2255, however, a prisoner may file a federal habeas petition when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e). To qualify under that clause, a petitioner must claim he is actually innocent and not have had an "unobstructed procedural shot" at presenting the claim earlier. Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008) (citation omitted). When a federal prisoner files a § 2241 petition, a district court must answer the "threshold jurisdictional question" of whether the petition is properly brought under § 2241 or "is, instead, a disguised § 2255 motion." Marrero v. Ives, 682 F.3d 1190, 1194 (9th Cir. 2012).

Petitioner asserts conclusorily that he is actually innocent of his crimes because "the victim . . . already told the FBI that she was never f[or]ced." (Pet. at 3.) Even if such a vague allegation could constitute a legitimate claim of actual innocence, he still would deserve no relief here because he cannot show that he has not already had an "unobstructed procedural shot" at raising his claims.

Petitioner filed a § 2255 motion in his district of conviction, and it was denied on January 25, 2018. See Black, No. 1:15-cr-00009-MW-GRJ-1 (ECF 204, 243). He does not even attempt to explain why his earlier § 2255 motion was not an "unobstructed procedural shot." The ban on unauthorized successive § 2255 motions does not by itself render § 2255 inadequate or ineffective. See Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). If he desires to file another § 2255

motion, he must first get permission from the 11th Circuit Court of Appeals. See § 2255(h); see also § 2244(b)(3). It is for these same reasons that the Court summarily dismissed an earlier habeas petition Petitioner filed in this Court, Black v. Swain, No. EDCV 18-0937-FMO (C.D. Cal. dismissed May 11, 2018).

Petitioner has not shown that § 2255 is inadequate or ineffective as a means of providing him relief, and his Petition must therefore be summarily dismissed under Local Rule 72-3.2 for lack of jurisdiction.[1]

ACCORDINGLY, IT IS ORDERED that Petitioner's Petition for a Writ of Habeas Corpus is denied and this action be dismissed.

DATED: April 17, 2019

/s/
FERNANDO M. OLGUIN
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

---

[1] Local Rule 72-3.2 provides that "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."

3